NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3668-14T3
STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

FUQUAN KHALIF,

 Defendant-Appellant.
_______________________________

 Argued telephonically June 1, 2017 –
 Decided June 28, 2017

 Before Judges Alvarez and Manahan.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 91-01-0437.

 Fuquan Khalif, appellant, argued the cause pro
 se.

 Arielle E. Katz, Deputy Attorney General,
 argued the cause for respondent (Christopher
 S. Porrino, Attorney General, attorney; Daniel
 I. Bornstein, Deputy Attorney General, of
 counsel and on the brief).

PER CURIAM

 Defendant Fuquan Khalif appeals from an order denying a motion

to correct an illegal sentence. On appeal, defendant raises the

following arguments:
 POINT I

 PCR COUNSEL WAS INEFFECTIVE WHEN [THROUGHOUT]
 THE ENTIRE APPEAL PROCESS[] HE NEVER WAS
 AVAILABLE TO ASSIST WITH ANY OF THE
 [DEFENDANT'S] DEFENSE.

 POINT II

 THE PCR COURT COMMITTED PLAIN ERROR WHEN IT
 PROCEDURALLY BARRED [DEFENDANT'S] MOTION TO
 CORRECT AN ILLEGAL SENTENCE [] SIMPLY BECAUSE
 [DEFENDANT] ATTACKED OTHER PARTS OF HIS
 SENTENCE THAT WERE "ILLEGAL"[] IN VIOLATION
 OF HIS RIGHTS UNDER THE FOURTEENTH AMENDMENT
 OF DUE PROCESS OF THE LAW.

 Defendant further raises the following points in his reply

brief:

 POINT I

 THE STATE'S CONTENTION TO BAR [DEFENDANT]
 UNDER R. 3:22-5 WOULD BE TO FURTHER VIOLATE
 HIS XIV AMENDEMENT AND ABDICATE THE COURT'S
 RESPONSIBILITY TO UPHOLD THE CONSTITUTION.

 POINT II

 THE SENTENCING COURT COMMITTED "PLAIN ERROR"
 WHEN IT DID NOT PRODUCE THE DEFENDANT FOR AN
 ORDERED REMAND IN 1995 ALSO IN VIOLATION OF
 R. 3:16.

 POINT III

 IN REPLY TO POINT II OF THE STATE'S BRIEF ON
 [INEFFECTIVE] ASSISTANCE OF COUNSEL.

 POINT IV

 THE SENTENCING COURT COMMITTED "PLAIN ERROR"
 WHEN IT VIOLATE[D] THE STANDING LAW OF EX POST
 FACTO, BY (1) HAVING A "HEARING"[;] (2) BY

 2 A-3668-14T3
 SENTENCING [DEFENDANT] TO ANY EXTENDED TERMS
 UNDER A NEW STATUTE.

 We have considered the arguments raised by defendant in light

of the record, the extensive procedural history, including prior

challenges to his sentence, and the written decision dated February

25, 2015, of Judge Alfonse J. Cifelli, and conclude the arguments

lack sufficient merit to warrant discussion in a written opinion.

R. 2:11-3(e)(2).

 This is defendant's fifth appeal stemming from his

conviction. Suffice it to state, on May 8, 1992, defendant was

sentenced to life imprisonment plus forty years subject to a fifty-

year parole disqualifier as a result of guilty verdicts rendered

by a jury on charges of first-degree attempted murder, second-

degree burglary, second-degree aggravated assault, second-degree

possession of a weapon for an unlawful purpose, and murder. His

convictions were affirmed, State v. Khalif, No. A-0553-92 (App.

Div. Jan. 23, 1995), and certification was denied April 27, 1995.

State v. Khalif, 140 N.J. 327 (1995). Defendant subsequently

filed five unsuccessful petitions for PCR. The Law Division denied

each petition for PCR, and we affirmed.1

1
 On November 12, 2014, defendant filed the subject motion to
correct an illegal sentence, which he alternatively referenced as
a PCR.

 3 A-3668-14T3
Affirmed.

 4 A-3668-14T3